# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASON TENDERS' DISTRICT COUNCIL WELFARE FUND, <br><br> Plaintiff, <br><br> v. <br><br> MARIELA SALGUERO a/k/a MARIELA SALAS, GREGORIO SALAS, DAVID J BRODERICK LLC, and DAVID J. BRODERICK, ESQ., <br><br> Defendants. | Docket No. <br><br> **COMPLAINT** |

Plaintiff Mason Tenders' District Council Welfare Fund complains and alleges as follows:

## NATURE OF ACTION

Plaintiff brings this action under state and federal law, seeking damages and other equitable relief for the failure of Defendants Mariela Salguero a/k/a Mariela Salas and Gregorio Salas (collectively "Salas Defendants") to properly reimburse Plaintiff in violation of the terms of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff also seeks an injunction against Defendants David J Broderick LLC ("DJB") and David J. Broderick, Esq. ("Mr. Broderick"), (collectively the "Attorney Defendants") to preclude them from disbursing funds which properly belong to Plaintiff and should remain in Attorney Defendants' control in their escrow accounts during the pendency of this action.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to ERISA, 29 U.S.C. §§ 1101, et seq.; 28 U.S.C. §§ 1331 and 1337; and 29 U.S.C. §§ 1132(a), (e), (f), and (g) as it involves a reimbursement claim for medical benefits paid by Plaintiff under an employee group welfare benefit plan governed by ERISA.

2. Venue is proper within the Eastern District of New York pursuant to 29 U.S.C. § 1132(e)(2) because the acts complained of occurred within this District and Salas Defendants received the benefits of the ERISA plan at issue within this district.

3. Plaintiff Mason Tenders' District Council Welfare Fund ("the Fund") is a self-funded benefit plan established pursuant to ERISA.

4. Upon information and belief, at all relevant times Salas Defendants resided at 33-05 82nd Ave, Apt. 41, Jackson Heights, New York 11372.

5. Upon information and belief, at all relevant times DJB is a law firm located at 70-20 Austin St., Suite 107, Forest Hills, New York 11375.

6. Upon information and belief, Mr. Broderick is an owner, director, officer, member, and/or employee of DJB located at 70-20 Austin St., Suite 107, Forest Hills, New York 11375.

7. At all relevant times, Plaintiff provided healthcare benefits under a self-funded benefit plan established pursuant to ERISA (hereinafter referred to as "the Plan"). Attached as **Exhibit A** is a true and correct copy of the relevant Plan document. Pursuant to the provisions of 29 U.S.C. §§ 1132(a), (e), (f), and (g), Plaintiff is authorized to bring this action and to obtain appropriate equitable relief.

8. At all relevant times, Defendant Gregorio Salas was a member of the Mason Tenders' Union, and was a primary participant in the Plan.

9. At all relevant times, Mariela Salguero a/k/a Mariela Salas was the spouse and/or the dependent of Gregorio Salas, and received benefits under the terms of the Plan.

## FACTUAL ALLEGATIONS

10. Defendant Mariela Salguero a/k/a Mariela Salas allegedly sustained personal injuries on or about June 16, 2008, for which she subsequently sought and received medical care.

11. At all relevant times, Salas Defendants were participants in a healthcare Plan provided by Plaintiff.

12. The Plan is a qualified self-funded ERISA plan that is funded via employer contributions. *See* Ex. A at 100 ("Source of Contributions: The primary source of financing for the benefits provided by the Fund and for the expense of Fund operations is employer contributions.").

13. The Plan includes a reimbursement provision that requires participants to reimburse the Plan for all medical expenses paid on their behalf in the event the participant obtains a tort recovery in a third party claim, lawsuit or settlement:

> The Fund shall have the right, through subrogation, to recover from participants (and their dependents) all benefits (that is, medical, dental, vision or weekly accident and sickness benefits) paid on their behalf by the Fund for injuries or disability caused to them or their dependents by negligence or wrongdoing for which they recover monies in a third party claim, lawsuit or settlement.

*See* Ex. A, at 80.

14. The Plan requires its participants to give notice when they retain an attorney to pursue recovery. *Id.* at 81. The Plan further provides that "fail[ure] to notify the Fund and/or

3

fail[ure] to reimburse the Fund, the Fund reserves the right, in addition to all other remedies available to it by law, to initiate legal action against you and/or to withhold any other monies that might be due you from the Fund for either past or future claims, until such time as the Fund's lien is discharged." *Id.*

15. By accepting benefits under the terms of the Plan (i.e. Plaintiff's payment of her medical expenses), Salas Defendants agreed to reimburse Plaintiff in the event they obtained a recovery from a lawsuit, claim, or settlement. *Id.* at 80.

16. The Plan also provides Plaintiff with a contractual lien in the amount of benefits it paid on behalf of its participants that may be imposed on any recovery obtained from a third-party. *Id.* at 80 ("If you or your dependents are injured as a result of the negligence or other wrongful acts of a third party and you apply for and receive benefits from the Fund, the Fund will then have a contractual lien on the proceeds of any compromise, settlement, judgment and/or verdict you receive from either the third party or his or her insurance carrier, up to the benefits you received from the Fund.").

17. Pursuant to the terms of the Plan, Plaintiff paid significant medical expenses on behalf of Salas Defendants as a result of the June 16, 2008 incident.

18. The sums expended by Plaintiff on behalf of Salas Defendants under the terms of the Plan are specifically identifiable amounts itemized by Salas Defendants' healthcare providers from the date of said accident to the present date, which sum totals approximately $261,622.23 (hereinafter referred to as the "Specifically Identified Funds").

19. Salas Defendants commenced a civil lawsuit filed in the Supreme Court of New York, Queens County, bearing Index No. 0026612/2008 (hereinafter "State Court Action"), which sought recovery for the personal injuries sustained on or about June 16, 2008.

20. Upon information and belief, Salas Defendants retained Mr. Broderick to represent them in the State Court Action.

21. Upon information and belief, Salas Defendants alleged in the State Court Action that the acts and/or omissions of certain third-party tortfeasors/responsible parties caused the personal injuries sustained in the incident on or about June 16, 2008, and alleged a variety of damages, including for medical expenses.

22. Upon information and belief, Defendants settled the State Court Action in or about May 2019 for $1,600,000.00 (hereinafter referred to as the "Settlement Proceeds"), but failed to notify Plaintiff, Rawlings, or Harris Beach of the settlement.

23. Upon information and belief, as of the date of filing of this action, the Settlement Proceeds, or a portion thereof, remain in the control of Attorney Defendants.

24. Prior to settling the State Court Action, Defendants were put on notice of Plaintiff's lien and right to reimbursement.

25. On April 23, 2013, Rawlings, as the reimbursement vendor for Plaintiff, sent a letter to Attorney Defendants notifying them of Plaintiff's interest and reimbursement claim in the State Court Action. Rawlings requested an update from Attorney Defendants on the State Court Action. Attorney Defendants never responded to Rawlings' April 23, 2013 correspondence.

26. On June 21, 2013, Rawlings sent another letter to Attorney Defendants again notifying it of Plaintiff's interest in the State Court Action. Rawlings again asked Attorney Defendants for an update on the State Court Action. Attorney Defendants never responded to Rawlings' June 21, 2013 correspondence.

27. On August 23, 2013, Rawlings sent a third letter to Attorney Defendants asserting its reimbursement claim. Attorney Defendants never responded to Rawlings' August 23, 2013 correspondence.

28. On January 22, 2014, Rawlings sent a fourth letter to Attorney Defendants asserting its reimbursement claim. Attorney Defendants never responded to Rawlings' January 22, 2014 correspondence.

29. On February 4, 2014, Plaintiff's counsel sent a fifth letter to Attorney Defendants to discuss the satisfaction of Plaintiff's interest in the settlement of the State Court Action. Attorney Defendants never responded to Rawlings' February 4, 2014 correspondence.

30. On or about February 24, 2014, Rawlings telephoned Attorney Defendants to discuss the satisfaction of Plaintiff's interest in the settlement of the State Court Action. This call was not returned.

31. On February 24, 2014, Rawlings sent a sixth letter to Attorney Defendants stating that it had been made aware of the settlement of the State Court Action and requesting that it be contacted before the Settlement Proceeds were distributed to discuss the satisfaction of Plaintiff's right to reimbursement. Attorney Defendants never responded to Rawlings' February 24, 2014 correspondence.

32. Rawlings made additional attempts to contact Attorney Defendants in 2014, 2015, 2016, 2017, 2018, and 2019 with little to no success.

33. On May 15, 2019, Attorney Defendants submitted an offer to Plaintiff to resolve its reimbursement claims at a significantly reduced amount. After providing Attorney Defendants all requested Plan documents and engaging in discussions to resolve Plaintiff's

claims over the next few weeks, Attorney Defendants suddenly stopped responding to all calls, emails, and letters.

34. Harris Beach, as counsel for Plaintiff, also made multiple calls and sent emails to Attorney Defendants on at least seven separate occasions on May 5, May 13, June 10, June 15, July 15, August 20, and September 14, 2020.

35. On September 18, 2020, Mr. Broderick responded to Plaintiff's counsel's attempts to contact him, and again offered to resolve the reimbursement claims at a significantly reduced amount.

36. On October 2, 2020, Mr. Broderick and Plaintiff's counsel spoke about Plaintiff's reimbursement claims. Mr. Broderick confirmed all funds remained in escrow.

37. Since October 2020, Plaintiff's counsel made no less than 50 attempts to contact Mr. Broderick and speak about Plaintiff's claims via emails, phone calls, and letters. The majority of Plaintiff's counsel's attempts to discuss this matter with Mr. Broderick went unanswered.

38. Attorney Defendants have refused to communicate with or otherwise meaningfully respond to Plaintiff's counsel's multiple attempts to contact them since October 2021.

39. Plaintiff paid significant medical expenses on behalf of Salas Defendants pursuant to the terms of the Plan. Defendants were notified that Plaintiff was asserting a lien and reimbursement claim for medical benefits paid pursuant to the Plan, including that Defendants are required to satisfy Plaintiff's lien with any monetary settlement made as a result of the State Court Action.

40. Defendants have refused, and continue to refuse, to satisfy Plaintiff's lien and reimburse Plaintiff out of the Settlement Proceeds.

41. Plaintiff paid these medical expenses on behalf of Salas Defendants pursuant to the provisions of the Plan, and Plaintiff seeks a declaration as to its rights to reimbursement and recovery under the Plan and relevant statutory provisions.

42. Defendants have made a recovery as a result of the settlement of the State Court Action. A portion of that settlement rightfully belongs to Plaintiff under the terms of the Plan. The portion of that settlement that rightfully belongs to Plaintiff is in the exclusive possession and/or control of Defendants.

## FIRST CAUSE OF ACTION

### DECLARATORY RELIEF (against all Defendants)

43. Plaintiff repeats and re-alleges paragraphs 1 through 42, as though set forth in full herein.

44. An actual controversy currently exists between Plaintiff and Defendants relative to their legal rights and duties under the Plan and the Specifically Identified Funds expended by Plaintiff pursuant to the Plan, and recovered by Defendants in the State Court Action from third-party tortfeasors.

45. Plaintiff requests a judicial determination of its rights pursuant to the Plan, and specifically seeks a declaration that Plaintiff is entitled to full reimbursement for the $261,622.23 it paid on behalf of Salas Defendants to various medical providers for which they ultimately obtained a recovery from a tortfeasor(s) and/or their insurance carrier(s).

46. Pursuant to 28 U.S.C. § 2201, this Court is empowered to declare rights, status, and other legal relations between the parties herein. Plaintiff seeks a declaration as to its

reimbursement and recovery rights under the Plan in light of the Specifically Identified Funds expended by Plaintiff and recovered by Defendants in the State Court Action.  Plaintiff further seeks a declaration that Defendants act in a manner consistent with the declaration of Plaintiff's rights and Defendants' duties under the Plan.

47. A judicial determination of Plaintiff's rights under the above-mentioned Plan is necessary and appropriate at this time in order to avoid the conversion of Plaintiff's monies by Defendants.

48. Pursuant to the allegations set forth herein, a valid, justiciable controversy exists concerning the rights and duties of the parties, and the issues is ripe for judicial declaration.

49. As a result of Defendants' conduct, Plaintiff has been required to retain counsel to prosecute this action, and Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendants.

50. Defendants' conduct has caused, and continues to cause, irreparable injury to Plaintiff, justifying declaratory relief.

## SECOND CAUSE OF ACTION

### INJUNCTIVE RELIEF (against all Defendants)

51. Plaintiff repeats and re-alleges paragraphs 1 through 50, as though set forth in full herein.

52. As a result of a settlement, judgment, or otherwise, Defendants have recovered payments from or on behalf of, the third-party tortfeasors whose negligent acts or omissions resulted in the injuries for which Plaintiff paid the Specifically Identified Funds.  Pursuant to the Plan, Plaintiff has reimbursement rights to any such recoveries.

53. Defendants have failed to and refuse to cooperate and perform any action necessary to secure Plaintiff's rights to recovery and reimbursement. Specifically, Defendants have refused to satisfy Plaintiff's lien by reimbursement out of the Settlement Funds received as a result of the State Court Action.

54. Without resolution of this controversy, Plaintiff's rights to reimbursement and recovery under the Plan will be jeopardized and/or eliminated through the non-traceable disbursement of the Settlement Proceeds received from the State Court Action. Legal damages are inadequate to protect Plaintiff from this harm.

55. Plaintiff requests that Defendants be enjoined from disbursing any monies recovered from the State Court Action until Plaintiff's reimbursement and recovery rights are resolved.

56. Upon information and belief, as of the date of filing of this action, the Settlement Proceeds, or a portion thereof, remain in the control of Attorney Defendants.

57. Plaintiff will suffer irreparable injury, loss, and/or damage if Defendants are not preliminarily enjoined from expending, disbursing, or disposing of the Settlement Proceeds, because once those funds are expended, disbursed, or disposed of, no reasonable means will exist for Plaintiff to be made whole.

## THIRD CAUSE OF ACTION

## EQUITABLE RESTITUTION – ESTABLISHMENT OF

## CONSTRUCTIVE TRUST OR EQUITABLE LIEN (against all Defendants)

58. Plaintiff repeats and re-alleges paragraphs 1 through 57, as though fully set forth in full herein.

59. Under 29 U.S.C. § 1132(a)(3)(B), Plaintiff brings this action to obtain appropriate equitable relief and to enforce the terms of the Plan.

60. An equitable lien by agreement is a form of equitable relief authorized under 29 U.S.C. § 1132(a)(3)(B). *Sereboff v. Mid. Atl. Med. Servs., Inc.*, 547 U.S. 356, 364-65 (2006).

61. Under the terms of the Plan, Defendants agreed to reimburse Plaintiff for medical benefits paid in the event of a recovery in a third-party claim, lawsuit, or settlement. *See* Ex. A at 80 ("The Fund shall have the right, through subrogation, to recover from participants (and their dependents) all benefits (that is, medical, dental, vision or weekly accident and sickness benefits) paid on their behalf by the Fund for injuries or disability caused to them or their dependents by negligence or wrongdoing for which they recover monies in a third party claim, lawsuit or settlement.").

62. The Specifically Identified Funds are the funds constituting the Settlement Proceeds from Defendants' third-party tort recovery in the State Court Action.

63. The funds specifically identified by Plaintiff are within the possession and/or control of Defendants.

64. Plaintiff's reimbursement claim is considered equitable, as required by ERISA, because it is an action to enforce an equitable lien established by agreement where the enforcement of the equitable lien is on particular property.

65. In spite of the fact that Plaintiff has an equitable lien by agreement, Defendants have refused to reimburse Plaintiff for the full amount of its statutory and contractual lien.

66. As a result of Defendants' refusal to comply with the terms of the Plan, Plaintiff has been unable to enforce its equitable lien by agreement in an amount not less than $261,622.23.

67. Equity demands that Plaintiff's equitable lien by agreement be enforced pursuant to 29 U.S.C. § 1132 (a)(3)(B).

68. Plaintiff is entitled to recover their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132 (g).

## FOURTH CAUSE OF ACTION

### BREACH OF WRITTEN CONTRACT (against Salas Defendants)

69. Plaintiff repeats and re-alleges paragraphs 1 through 68, as though fully set forth in full herein.

70. Salas Defendants and Plaintiff entered into a valid and enforceable contract as governed by the terms of the Plan Documents.

71. Plaintiff offered to provide Salas Defendants with healthcare benefits pursuant to the terms set forth in the Plan Documents.

72. Salas Defendants accepted Plaintiff's offer by permitting Plaintiff to pay for her medical expenses.

73. In consideration for Plaintiff's assumption of the risk to cover Salas Defendants' healthcare costs, Plaintiff also contributed to the funds used to cover those costs, which were paid for out of Plaintiff's general assets.

74. Plaintiff fully and completely performed its obligations to Salas Defendants under the Plan.

75. Salas Defendants breached the terms of the Plan including, but not limited to, the following actions:

    a. failing to reimburse Plaintiff for the medical benefits paid on behalf of Salas Defendants (*see* Ex. A at 80 ("The Fund shall have

    the right, through subrogation, to recover from participants (and their dependents) all benefits (that is, medical, dental, vision or weekly accident and sickness benefits) paid on their behalf by the Fund for injuries or disability caused to them or their dependents by negligence or wrongdoing for which they recover monies in a third party claim, lawsuit or settlement."));

  b. failing to satisfy Plaintiff's lien out of the Settlement Proceeds (*see id.* ("If you or your dependents are injured as a result of the negligence or other wrongful acts of a third party and you apply for and receive benefits from the Fund, the Fund will then have a contractual lien on the proceeds of any compromise, settlement, judgment and/or verdict you receive from either the third party or his or her insurance carrier, up to the benefits you received from the Fund.")); and

  c. failing to cooperate with the Plan's efforts to recover the amounts paid on behalf of Salas Defendants (*id.* at 81 ("[F]ail[ure] to notify the Fund and/or fail[ure] to reimburse the Fund, the Fund reserves the right, in addition to all other remedies available to it by law, to initiate legal action against you and/or to withhold any other monies that might be due you from the Fund for either past or future claims, until such time as the Fund's lien is discharged.")).

76. All conditions precedent for Plaintiff to bring this legal action have occurred.

77. As a result of the multiple breaches by Salas Defendants, Plaintiff has suffered damages in an amount not less than $261,622.23.

78. As a result of Salas Defendants' contractual breaches of the Plan, Plaintiff has been damaged in the sum of $261,622.23, plus interest and attorney's fees and costs associated with the pursuit of recovery of this amount. Plaintiff will establish the precise amount of such damage according to the evidence at the time of trial.

## FIFTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY (against Salas Defendants)

79. Plaintiff repeats and re-alleges paragraphs 1 through 78, as though fully set forth in full herein.

80. ERISA provides Plaintiff with a statutory right to recover from Salas Defendants for breach of fiduciary duty. *See* 29 U.S.C. § 1109 (a) ("Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.").

81. By accepting benefits pursuant to the written agreement and terms of the Plan, Salas Defendants and Plaintiff entered into a fiduciary relationship.

82. Salas Defendants agreed to satisfy Plaintiff's contractual lien out of the Settlement Proceeds received from the State Court Action. *See* Ex. A at 80.

14

83. As such, Salas Defendants agreed to act as the trustee over the Settlement Funds obtained in the State Court Action.

84. Salas Defendants owe Plaintiff a duty to take adequate steps to protect its right to reimbursement for the expenses it paid on her behalf, i.e. to hold funds sufficient to reimburse Plaintiff for the Specifically Identified Funds.

85. Further, Salas Defendants owe Plaintiff a duty to reimburse it for the medical expenses Plaintiff paid on their behalf out of the Settlement Proceeds obtained in the State Court Action.

86. Salas Defendants breached their fiduciary duties under the Plan and ERISA by refusing to reimburse Plaintiff for medical expenses it paid on her behalf.

87. Salas Defendants further breached her fiduciary duties to Plaintiff by failing to hold in trust sufficient funds to satisfy Plaintiff's lien.

88. Salas Defendants failed to instruct her agents, specifically Attorney Defendants, to hold enough funds to fully reimburse Plaintiff for the Specifically Identified Funds.

89. Plaintiff relied on Salas Defendants to satisfy their fiduciary duties to Plaintiff by protecting its reimbursement rights and lien, holding funds sufficient to satisfy its lien, and reimbursing Plaintiff in the amount equal to the Specifically Identified Funds.

90. As a result of Salas Defendants' failure to perform any of these actions, they have breached their fiduciary duties and Plaintiff has been damaged in the sum of $261,622.23, plus interest and attorney's fees and costs associated with the pursuit of recovery of this amount. Plaintiff will establish the precise amount of such damage according to the evidence at the time of trial.

## SIXTH CAUSE OF ACTION

### ATTORNEYS' FEES (against Salas Defendants)

91. Plaintiff repeats and re-alleges paragraphs 1 through 90, as though fully set forth in full herein.

92. Upon a finding that Salas Defendants are culpable and liable to Plaintiff for the sum sought, an award of attorneys' fees will deter other persons from engaging in such conduct under similar circumstances.

93. Accordingly, under 29 U.S.C. §1132(g)(1), Salas Defendants are liable to Plaintiff for reasonable attorneys' fees and costs of this action in order to obtain the return of Plaintiff's assets.

94. Plaintiff was forced to retain the services of Rawlings and the undersigned counsel in an effort to enforce its rights under the Plan against Salas Defendants, which amounted to additional attorneys' fees and costs expended prior to the filing of this lawsuit.

95. Plaintiff also incurred additional attorneys' fees and costs associated with the filing of this lawsuit, and will continue to incur attorneys' fees and costs for the duration of this lawsuit, and until Plaintiff is reimbursed the amounts it expended on behalf of Salas Defendants.

**WHEREFORE,** Plaintiff Mason Tenders' District Council Welfare Fund prays for judgment against Defendants as follows:

    a.    For a judicial determination of Plaintiff's reimbursement and recovery rights under the provisions of the Plan and ERISA;

    b.    For injunctive relief enjoining Defendants from disbursing the Settlement Proceeds, or further impairing Plaintiff's lien;

c. For the establishment of a constructive trust and/or equitable lien in Plaintiff's favor over the recovery in the State Court Action in the amount of the Specifically Identified Funds under the Plan;

d. For an Order directing Defendants to reimburse Plaintiff for the amounts expended on Salas Defendants' medical care, and to otherwise cooperate with Plaintiff in its efforts to protect its rights under the Plan;

e. For an Order directing Salas Defendants to specifically perform their obligations under the terms of the Plan by reimbursing, or having her representatives, agents, and/or attorneys reimburse, Plaintiff for the amounts expended on Salas Defendants' medical care, and to otherwise cooperate with Plaintiff in its efforts to protect its reimbursement rights;

f. For an Order directing Salas Defendants to pay the reasonable attorney's fees and costs expended by, or on behalf of, Plaintiff in this action; and

g. For such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
November 22, 2022

By: _____
Brian A. Bender, Esq.
David J. Dino, Esq.
**Harris Beach PLLC**
100 Wall Street, 23rd Floor
New York, NY 10005
Phone: (212) 687-0100
Fax: (212) 687-0659
*Counsel for Plaintiff Mason Tenders'*
*District Council Welfare Fund*